IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 27 2015

TIM RHODES
COURT CLERK

| | |
|---|---|
| OUTLAW RESTAURANTS, INC. ) | |
| Plaintiffs, ) | CJ-2015-30-2999 |
| ) | |
| vs. ) | Case No. CJ- |
| ) | |
| CENTURY SURETY COMPANY; ) | |
| USG INSURANCE SERVICES, INC.; ) | |
| CENTURY INSURANCE GROUP; and/or ) | |
| CENTURY INSURANCE GROUP, ) | |
| a Division of MEADOWBROOK ) | AUG 27 2015 |
| INSURANCE GROUP; ) | |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW the Plaintiff, Outlaw Restaurants, Inc. ("Plaintiff"), and for its claims against Defendants, Century Surety Company; USG Insurance Services, Inc.; Century Insurance Group; and/or Century Insurance Group, a division of Meadowbrook Insurance Group, alleges and states the following:

1. During the time period relevant to these claims, Plaintiff was an Oklahoma corporation with its principal place of business in Oklahoma.

2. Defendant, Century Surety Company ("Century Surety"), is a foreign corporation that provides insurance within the State of Oklahoma.

3. As a foreign insurer, Century Surety may be served through the Oklahoma Insurance Commissioner located within Oklahoma County. The events from which the action arises also occurred within Oklahoma County. Accordingly, venue is proper within Oklahoma County pursuant to applicable statutes.


EXHIBIT 1

4. During the time period relevant to these claims, a building owned by or under the control of Plaintiff was insured under a certain policy issued by Century Surety. Century Surety had the opportunity to inspect the premises before issuance of the policy. The subject policy was issued under policy number CCP778608. Accordingly, Century Surety had the duty to honor the terms of the contract for insurance and owed the duty to deal fairly and in good faith with its insured.

5. It is believed Defendant USG Insurance Services, Inc. is the company representative, parent, service agent or subsidiary of Century Surety to the extent it is shown on Plaintiff's declarations page for the subject insurance policy.

6. Defendants Century Insurance Group and/or Century Insurance Group, a division of Meadowbrook Insurance Group are also believed to be a part of or within the corporate umbrella of Century Surety. In the alternative, Century Surety is a part of or within the corporate umbrella of Defendants Century Insurance Group and/or Century Insurance Group, a division of Meadowbrook Insurance Group

7. On or about May 31, 2013, Plaintiff's building and roof were damaged by a massive tornado and/or related storms that hit the Oklahoma City, south Oklahoma City, Del City, Midwest City and/or Moore areas.

8. Following the loss event, Century Surety was notified of the damage to the insured building and it opened a claim file.

9. Century Surety assigned Defendants Century Insurance Group and/or Century Insurance Group, a division of Meadowbrook Insurance Group, to oversee the handling of Plaintiff's claim on its behalf.

10. Plaintiff's roof and building were subsequently inspected at the request of Century Surety and/or the other Defendants.

11. Following the inspection, Defendants Century Insurance Group and/or Century Insurance Group, a division of Meadowbrook Insurance Group Century Insurance, on behalf of Century Surety, advised Plaintiff by letter dated July 10, 2013 there was no evidence of storm-related damage to the building that would have allowed water to enter. Rather, the water infiltration was allegedly the result of normal wear and tear, faulty maintenance and deterioration.

12. Plaintiff's claim for coverage and payment of damages under the previously described insurance policy was denied by the letter dated July 10, 2013.

13. After receipt of the formal denial of the claim by letter dated July 10, 2013, an independent inspection of the subject roof and building was performed on behalf of Plaintiff. Such inspection determined, among other things, that the roof membrane must have become detached as a result of the storm, which would not have been an unusual or abnormal happening during the type of storm that hit the area.

14. A report or the finding of the inspection was provided to a representative of Defendants Century Insurance Group and/or Century Insurance Group, a division of Meadowbrook Insurance Group. Accordingly, Century Surety had notice of such report or finding which was contrary to the previous position taken by it in denial of the claim.

15. Century Surety or the other Defendants did not consider or reconsider its analysis of the claim from the standpoint of the best interests of its insured.

16. During the same time frame in which Century Surety denied the claim for damage to Plaintiff's building located near Moore, Oklahoma, Century Surety and/or the

other Defendants honored a claim for another building owned by under the control of Plaintiff's principals for damage arising from the same storm events.

17. Century Surety and/or the other Defendants continued to deny Plaintiff's claim for coverage to pay for damages caused by the storm since the initial denial of July 10, 2013.

18. Through the denial of the claim dated July 10, 2013, Century Surety and/or the other Defendants breached the contract for insurance issued to Plaintiff.

19. Century Surety and/or the other Defendants negligently investigated, evaluated or otherwise handled the described claim(s) and further failed to apply or interpret the information available to them from the standpoint of coverage for the insured.

20. In its handling of Plaintiff's claim(s), and as a matter of standard business practice in handling like claims under the same or similar polices of insurance, Century Surety and/or the other Defendants further breached the duty to deal fairly and act in good faith towards Plaintiff by, among other things,

    a. failing to timely and properly investigate Plaintiff's claim(s);

    b. relying on a report from an individual or entity which did not fully inspect Plaintiff's roof or building and/or did not consider other information available;

    c. relying on a report containing false or inaccurate information;

    d. failing to properly investigate the claims and/or obtain and consider additional information important to the refusal to replace Plaintiff's roof and pay for other repairs/damages;

    e. forcing Plaintiff's to incur the expense of covering or replacing the subject roof when Century Surety knew or should have known that the information upon which it was relying was inaccurate and/or incomplete;

    f.    not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim(s);

    g.    not properly considering the additional inspection findings with a view toward coverage for the insured;

    h.    forcing Plaintiff's to pursue further action in order to secure benefits Century Insurance knew or should have known are payable;

    i.    failing to properly evaluate or reconsider any investigation that was performed; and/or

    j.    failing to reasonably interpret information made available with a view toward affording coverage in favor of the insured.

While not necessarily inclusive, any and/or all of the described acts or omissions by Century Surety or the other Defendants constitute a violation of the covenant of good faith and fair dealing and result in a financial benefit to Century Surety.

21.    As a result of Century Surety's or the other Defendants' breach of contract, negligence, and/or failure to adhere to the covenant of good faith and fair dealing, Plaintiff has suffered the loss of policy benefits and has incurred financial expenses, loss of business, loss of profits, attorneys' fees, expenses and other incidental damages. Such damages are in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332

22.    In addition to the damages sustained by Plaintiff, Century Surety and/or the other Defendants have acted intentionally and with malice toward Plaintiff or are guilty of reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332

**WHEREFORE**, Plaintiff Outlaw Restaurants, Inc. respectfully requests that judgment be entered against Defendants, Century Surety Company; USG Insurance Services, Inc.; Century Insurance Group; and/or Century Insurance Group, a division of Meadowbrook Insurance Group, for actual damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332 and an award of punitive damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332, together with an award of allowable interest, attorneys' fees, and costs. With regard to its claims and requested relief, Plaintiff respectfully reserves the right to amend its Petition for the purpose of asserting additional grounds for recovery and damages against Defendants or other individuals/entities, including any additional and necessary Century Surety Company, parent, subsidiary or related corporate entity.

All of which is respectfully submitted.

ATTORNEY'S LIEN CLAIMED

Joseph K. Goerke, OBA #13103
MULINIX EDWARDS ROSELL &
GOERKE
A Professional Limited Liability Company
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Facsimile:  (405) 232-8999

Attorney for Plaintiff

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

OUTLAW RESTAURANTS, INC.          )
                                  )
        Plaintiffs,               )
                                  )
vs.                               )   Case No. CJ-2015-2999
                                  )
CENTURY SURETY COMPANY;           )
USG INSURANCE SERVICES, INC.;     )
CENTURY INSURANCE GROUP; and/or   )
CENTURY INSURANCE GROUP,          )
a Division of MEADOWBROOK         )
INSURANCE GROUP;                  )
                                  )
        Defendants.               )

**AUG 27, 2015**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:   USG Insurance Services, Inc.
                                20 E. University Drive Ste 305
                                Tempe, AZ 85281

You have been sued by the above named Plaintiff, and you are directed to file a written answer to the attached Petition in the Court at the above address within twenty (20) days after service of this summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action and attorney's fees as allowed by law.

Issued this 20th day of Aug, 2015.

Oklahoma County Court Clerk

By: _____
        Deputy Court Clerk

(seal)

Attorney for Plaintiff:
Name:      Joseph K. Goerke
Address:   3030 Oklahoma Tower
           210 Park Avenue

Phone:  Oklahoma City, OK 73102
(405) 232-3800  Fax: (405) 232-8999

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

This summons was served on _____, 2015.
(Date of Service)

_____
Signature of Person Serving Summons

Service By:  ____Sheriff
____Private Process Server
____Certified Mail