IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) OUTLAW RESTAURANTS, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>(1) CENTURY SURETY COMPANY; and )<br>(2) USG INSURANCE SERVICES, INC., )<br>)<br>Defendants. ) | Case No. CIV-15-992-L |

## AMENDED COMPLAINT

The Plaintiff, Outlaw Restaurants, Inc. ("Plaintiff"), for its Amended Complaint against Defendant, Century Surety Company, alleges and states the following:

1. During the time period relevant to these claims, Plaintiff was an Oklahoma corporation with its principal place of business in Oklahoma.

2. Defendant, Century Surety Company ("Century Surety"), is a foreign corporation that provides insurance within the State of Oklahoma.

3. As a foreign insurer, Century Surety may be served through the Oklahoma Insurance Commissioner located within Oklahoma County. The events from which the action arises also occurred within Oklahoma County. Accordingly, venue is proper within Oklahoma County pursuant to applicable statutes. Jurisdiction further is proper in this Court based upon diversity and the provisions of 28 U.S.C. 1332.

4. During the time period relevant to these claims, a building owned by or under the control of Plaintiff was insured under a certain policy issued by Century Surety. Century Surety had the opportunity to inspect the premises before issuance of the policy. The subject policy was issued under policy number CCP778608. Accordingly, Century Surety had the duty to honor the terms of the contract for insurance and owed the duty to deal fairly and in good faith with its insured.

5. On or about May 31, 2013, Plaintiff's building and roof were damaged by a massive tornado and/or related storms that hit the Oklahoma City, south Oklahoma City, Del City, Midwest City and/or Moore areas.

6. Following the loss event, Century Surety was notified of the damage to the insured building and it opened a claim file.

7. Plaintiff's roof and building were subsequently inspected at the request of Century Surety.

8. Following the inspection, Plaintiff was advised by letter sent on behalf of Century Surety dated July 10, 2013 there was no evidence of storm-related damage to the building that would have allowed water to enter or otherwise damage the building. Rather, the water infiltration was allegedly the result of normal wear and tear, faulty maintenance and deterioration.

9. Plaintiff's claim for coverage and payment of damages under the previously described insurance policy was denied by the letter dated July 10, 2013.

10. After receipt of the formal denial of the claim by letter dated July 10, 2013, an independent inspection of the subject roof and building was performed on behalf of Plaintiff. Such inspection determined, among other things, that the roof membrane must have become detached as a result of the storm, which would not have been an unusual or abnormal happening during the type of storm that hit the area.

11. A report or the finding of the inspection was provided to a representative of Century Surety. Accordingly, Century Surety had notice of such report or finding which was contrary to the previous position taken by it in denial of the claim.

12. Century Surety did not consider or reconsider its analysis of the claim from the standpoint of the best interests of its insured.

13. During the same time frame in which Century Surety denied the claim for damage to Plaintiff's building located near Moore, Oklahoma, Century Surety and/or it affiliate(s) honored a claim for another building owned by under the control of Plaintiff's principals for damage arising from the same storm events.

14. Century Surety continued to deny Plaintiff's claim for coverage to pay for damages caused by the storm since the initial denial of July 10, 2013.

15. Through the denial of the claim dated July 10, 2013, Century Surety breached the contract for insurance issued to Plaintiff.

16. Century Surety unreasonably or improperly investigated, evaluated or otherwise handled the described claim(s) and further failed to apply or interpret the information available to them from the standpoint of coverage for the insured.

17. In its handling of Plaintiff's claim(s), and as a matter of standard business practice in handling like claims under the same or similar polices of insurance, Century Surety further breached the duty to deal fairly and act in good faith towards Plaintiff by, among other things,

   a. failing to timely and properly investigate Plaintiff's claim(s);

   b. relying on a report from an individual or entity which did not fully inspect Plaintiff's roof or building and/or did not consider other information available;

   c. relying on a report containing false or inaccurate information;

   d. failing to properly investigate the claims and/or obtain and consider additional information important to the refusal to replace Plaintiff's roof and pay for other repairs/damages;

   e. forcing Plaintiff's to incur the expense of covering or replacing the subject roof when Century Surety knew or should have known that the information upon which it was relying was inaccurate and/or incomplete;

   f. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim(s);

   g. not properly considering the additional inspection findings with a view toward coverage for the insured;

   h. forcing Plaintiff's to pursue further action in order to secure benefits Century Surety knew or should have known are payable;

   i. failing to properly evaluate or reconsider any investigation that was performed; and/or

    j. failing to reasonably interpret information made available with a view toward affording coverage in favor of the insured.

While not necessarily inclusive, any and/or all of the described acts or omissions by Century Surety constitute a violation of the covenant of good faith and fair dealing and result in a financial benefit to Century Surety.

  18. As a result of Century Surety's breach of contract and/or failure to adhere to the covenant of good faith and fair dealing, Plaintiff has suffered the loss of policy benefits and has incurred financial expenses, loss of business, loss of profits, attorneys' fees, expenses and other incidental damages. Such damages are in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332

  19. In addition to the damages sustained by Plaintiff, Century Surety has acted intentionally and with malice toward Plaintiff or are guilty of reckless disregard for the rights of Plaintiff, thereby entitling Plaintiff to punitive damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332

  **WHEREFORE**, Plaintiff Outlaw Restaurants, Inc. respectfully requests that judgment be entered against Defendant Century Surety Company for actual damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332 and an award of punitive damages in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332, together with an award of allowable interest, attorneys' fees, and costs. With regard to its claims and requested relief, Plaintiff respectfully reserves the right to further amend this

Amended Complaint for the purpose of asserting additional grounds for recovery and damages against Defendant or other individuals/entities, including any additional and necessary Century Surety Company, parent, subsidiary or related corporate entity.

All of which is respectfully submitted.

*s/ Justin T. Hiersche*
JUSTIN T. HIERSCHE (OBA#20724)
HIERSCHE LAW FIRM
Hightower Building, Suite 300
105 North Hudson
Oklahoma City, Oklahoma 73102
405.235.3123 Telephone
405.235.3142 Facsimile
justin@hlfokc.com

and

*/s Joseph K. Goerke*
Joseph K. Goerke, OBA #13103
MULINIX EDWARDS ROSELL & GOERKE
3030 Oklahoma Tower
210 Park Avenue
Oklahoma City, OK 73102
Telephone: (405) 232-3800
Facsimile:   (405) 232-8999

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the Records currently on file, the clerk of the Court will transmit Notice of Electronic Filing to the Following ECF registrants:

**Phil R Richards**
Richards & Connor
prichards@richardsconnor.com

/s Justin T. Hiersche